United States District Court

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FULL CIRCLE SALES, INC., a Montana corporation; GROWERS EXPRESS, LLC, a limited liability company; STEINBECK COUNTRY PRODUCE, INC., a corporation; STEVE W. ALMQUIST d/b/a STEVE ALMQUIST SALES AND BROKERAGE; DANIEL ANDREWS d/b/a DAN ANDREWS FARMS, a sole proprietorship; FRESH NETWORK, LLC, a limited liability company; QUEBEC DISTRIBUTING CO., INC., a corporation,<br><br>     Plaintiffs,<br>  v.<br><br>ORGANIC ALLIANCE, INC., a Nevada corporation,<br><br>     Defendant. | Case No.: 11-CV-03402-LHK<br><br>AMENDED ORDER GRANTING MOTION TO DISMISS |

Plaintiffs Full Circle Sales, Inc. ("FCS"), Growers Express, LLC ("Growers"), Steinbeck Country Produce, Inc. ("Steinbeck"), Steve W. Almquist d/b/a Steve Almquist Sales and Brokerage ("Almquist"), Daniel Andrews d/b/a/ Dan Andrews Farms ("Andrews"), Fresh Network, LLC ("Fresh"), and Quebec Distributing Co., Inc. ("Quebec") (referred to collectively as "Plaintiffs") bring this action against Organic Alliance, Inc. ("Defendant" or "Organic") alleging: (1) breach of

contract; (2) violation of Section 2 of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499b; and (3) unjust enrichment. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument. Accordingly, the hearing and case management conference set for November 1, 2012, are VACATED. Having considered the submissions of the parties and the relevant law, the Court hereby GRANTS Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**I.     BACKGROUND**

   **A. Factual Allegations**

Plaintiffs allege that, between October 13, 2009, and March 24, 2010, Plaintiffs sold and shipped perishable agricultural commodities to Defendants pursuant to a series of commercial produce agreements. First Am. Compl. ("FAC") ¶ 13, ECF No. 14. Defendant failed to pay the amounts due under those agreements. *See* Mot. to Dismiss Pls.' FAC ("Mot.") at 2, ECF No. 48. Consequently, on or about April 15, 2010, Plaintiffs jointly filed a complaint in United States District Court for the Northern District of California, San Jose Division, Case Number 10-CV-01615 (the "Settled Action"). *Id*. The parties then resolved the Settled Action through a series of settlement agreements ("Settlement Agreements") entered into in September 2010 (initial settlement agreement), November 2010 (first and second amendments to the Settlement Agreements), and January 2011 (third amendment to the settlement agreements). *See* FAC ¶¶ 14-33; Opp'n to Mot. to Dismiss Pls.' FAC ("Opp'n") at 2, ECF No. 51. The parties agreed to dismiss the Settled Action in exchange for Defendant making payments on the outstanding balances. *See* Decl. Anne Frassetto Olsen Supp. Df.'s Mot. to Dismiss ("Olsen Decl.), ECF No. 49, Ex. B. The Court dismissed the Settled Action with prejudice on February 7, 2011. *Id*. at Ex. C. Defendant then defaulted on the Settlement Agreements. FAC ¶ 35.

   **B. Procedural History**

In an effort to enforce their rights under the Settlement Agreements, Plaintiffs commenced this action on July 12, 2011. ECF No. 1. On or about August 8, 2011, Defendant filed a Motion to Dismiss the Complaint based on lack of subject matter jurisdiction. ECF No. 7. The Plaintiffs then

2

Case No.: 11-CV-03402-LHK
AMENDED ORDER GRANTING MOTION TO DISMISS

amended their Complaint by adding one paragraph which alleges that: "Defendant . . . made false and misleading statements in connection with the settlement agreements . . . in violation of Section 2 of PACA (7 U.S.C. 499b)." FAC ¶ 40. On September 9, 2011, Defendant filed a Motion to Dismiss the First Amendment Complaint, again based on lack of subject matter jurisdiction. ECF No. 15. The parties then submitted a joint stipulation to continue the initial case management conference and hearing on Defendant's Motion to Dismiss the First Amended Complaint, which the Court granted based on the parties' represented expectation of a global settlement that would result in resolution of the matter and dismissal of the action in its entirety. *See* ECF Nos. 20, 21. Thereafter, Plaintiffs filed an opposition to the Motion to Dismiss on October 21, 2011, ECF No. 22, to which Defendant filed a reply, ECF No. 23.

This case was reassigned to the undersigned judge on December 19, 2011. *See* ECF No. 33. On March 2, 2012, and June 13, 2012, the parties filed additional requests for continuances, again representing to this Court that the parties expected to be able to reach a global settlement that would result in resolution of the matter and dismissal of the action in its entirety. *See* ECF Nos. 36, 40. On June 26, 2012, the parties filed a Joint Stipulation for Defendant's Withdrawal of the Motion to Dismiss with a tolling agreement. ECF No. 46. On June 28, 2012, Defendant re-filed its Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction. *See* ECF No. 48. Plaintiffs filed an opposition to the motion on July 12, 2012. ECF No. 51.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction will be granted if the Complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the fact of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual

Case No.: 11-CV-03402-LHK
AMENDED ORDER GRANTING MOTION TO DISMISS

disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)).

A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal subject matter jurisdiction. If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (internal quotation marks and citations omitted); *accord Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *See Safe Air for Everyone*, 373 F.3d at 1039; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010); *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

**III.     DISCUSSION**

The question presented in this Motion is whether the Court lacks subject matter jurisdiction because Plaintiffs' First Amended Complaint fails to raise a controversy involving federal law. *See*

U.S. Const. art. III, § 2. For the reasons stated below, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint without prejudice.

Plaintiffs' First Amended Complaint alleges, in part, that Defendant violated Section 2 of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499b. As PACA is a federal statute that regulates the trade of agricultural commodities in interstate commerce, there is no doubt that a cause of action brought pursuant to PACA raises a federal question. *See Grimmway Enterprises, Inc. v. PIC Fresh Global, Inc.*, 548 F. Supp. 2d 840, 846 (E.D. Cal. 2008) ("PACA regulates trading in agricultural commodities, *e.g.* fruits and vegetables . . . [and] [d]ealers violate PACA if they do not pay promptly and in full for any perishable commodity in interstate commerce.") (citing 7 U.S.C. § 499b(4)); *see* 28 U.S.C. § 1331.

However, Defendant argues that Plaintiffs' First Amended Complaint fails to present a case or controversy under federal law because all of Plaintiffs' potential PACA claims were resolved in the Settlement Agreements. Mot. at 3. Specifically, Defendant contends that, "each individual Plaintiff . . . expressly settled all PACA claims that they might have had against Defendant, in consideration for payment by the Defendant of fifty (50%) percent of the outstanding balance at the time of the settlement. Such payment was made and accepted by plaintiffs." Mot. at 3 (referencing Clause 3 of the Settlement Agreements, entitled "Waiver of PACA benefits"); *see* FAC, Exs. 1–7 ("True and correct copies of the Settlement Agreement and Third Amendment to the Settlement Agreement"). Consequently, Defendant argues that "any PACA claims that Plaintiffs had, or may have had, have been resolved," and there is no active case or controversy of federal law in this case. Mot. at 3.[1]

---

[1] Defendant also alleges that there is no diversity jurisdiction because Defendant and every Plaintiff except for Full Circle Sales, Inc. have their principal place of business in California. Mot. at 3; *see* FAC ¶¶ 1–7. Plaintiffs do not dispute this in their Opposition to Defendant's Motion to Dismiss. District courts have original jurisdiction in civil cases where the matter in controversy exceeds $75,000, and there is diversity of citizenship between plaintiffs and defendants. 28 U.S.C. § 1332(a). Because "[d]iversity jurisdiction requires complete diversity between the parties," *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008), the Court agrees that diversity jurisdiction is not an independent basis for federal jurisdiction in this action.

5

Case No.: 11-CV-03402-LHK
AMENDED ORDER GRANTING MOTION TO DISMISS

Plaintiffs contend that this Court maintains subject matter jurisdiction because the Settled Action "did not include a Section 2 [PACA] claim and thus the Section 2 claim could not have been waived [by the Settlement Agreements]." Opp'n at 3. Rather, Plaintiffs note that the original complaint that resulted in the Settlement Agreements included a PACA claim for violation of statutory trust provisions and breach of fiduciary duty, which are covered in PACA, 7 U.S.C. § 499e. Although Plaintiffs concede that "[t]he Settlement Agreements waived PACA," they assert that the Settlement Agreements were "intended to resolve the original complaint which included only a 499e claim." Opp'n at 3. "In the instant case, a 499b claim is at issue. Because the two sections are separate and distinct within PACA, waiving the 499e claim does not necessarily impose a waiver of the 499b claim at bar." *Id*. Therefore, according to Plaintiffs, a federal question remains giving this Court appropriate subject matter jurisdiction. *See* FAC ¶¶38–41.

The Court agrees with Defendant that, pursuant to the Settlement Agreements, Plaintiffs waived their rights to any and all PACA benefits relating to the purchases at issue in this action. While it is true that a Settlement Agreement that explicitly waived only a 499e claim would not necessarily impose a waiver of a 499b claim, the plain language of Clause 3 of the Settlement Agreements is drafted more broadly. Clause 3, which is entitled "Waiver of PACA Benefits," states:

> Claimant hereby expressly and irrevocably waives *any* benefits that Claimant *may have* under the Perishable Agricultural Commodities Act of 1930 ("PACA") *including* any rights under § 499e(C)(2) or its associated regulation 7 C.F.R. § 46.46 for all outstanding obligations relating to the purchases provided said waiver shall take effect only upon receipt of the payment of . . .

FAC, Exs. 1–7, Clause 3 (emphasis added). Although the amount of payment mandated in the clause varied according to the amounts Defendant owed each Plaintiff, Plaintiffs state in paragraphs 14 through 34 of the First Amended Complaint that Defendant made the initial payments to the individual Plaintiffs as required under Clause 3 in order to trigger the waiver of PACA benefits. FAC ¶¶ 14–34. Accordingly, while the Plaintiffs may have intended the Settlement Agreements to resolve only their Section 499e claim, the language in the Settlement Agreements applies to "any" PACA benefits. Moreover, the fact that the Clause specifically

6
Case No.: 11-CV-03402-LHK
AMENDED ORDER GRANTING MOTION TO DISMISS

*includes* within the waiver "any rights under § 499e(C)(2)," does not limit the waiver to only those precise rights. Therefore, in light of the plain, unambiguous language of the Settlement Agreements, Plaintiffs' Section 2 PACA claim is waived. Accordingly, Plaintiffs' First Amended Complaint fails to present a live case or controversy involving a federal question.

Moreover, because the Court did not incorporate the terms of the Settlement Agreements into its dismissal order or retain jurisdiction over the settlement contract when it dismissed the initial Settled Action with prejudice, it has no power to now enforce alleged breaches of the Settlement Agreements. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994) (holding that, when a district court does not "embody the settlement contract in its dismissal order or . . . retain jurisdiction over the settlement contract . . . enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."). As there is no independent basis for federal jurisdiction, the alleged breach of these Settlement Agreements must be enforced by a state court. *Id*.

## IV. CONCLUSION

Accordingly, the Court GRANTS Defendant's Motion to Dismiss without prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 28, 2012

_____
LUCY H. KOH
United States District Judge